UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES HOUSE OF REPRESENTATIVES, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  14-1967 (RMC) |
| SYLVIA MATTHEWS BURWELL in her official capacity as Secretary of the United States Department of Health and Human Services, *et al.*, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

On September 9, 2015, the Court granted almost entirely Defendants' motion to dismiss.  *See* Mem. Op. [Dkt. 41].  Six of the eight counts in this case were dismissed, and a seventh was dismissed in part.

Defendants strongly disagree with the remainder of the Court's decision, which held that Plaintiff House of Representatives has institutional standing to sue over the alleged spending of billions of dollars without a congressional appropriation, in violation of the U.S. Constitution.  *See* U.S. Const. art. I, § 9, cl. 7 ("No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law").  Defendants now ask the Court to certify its prior Order, Dkt. 42, for interlocutory appeal under 28 U.S.C. § 1292(b).  *See* Mot. for Certification [Dkt. 44].  The House opposes certification.  *See* Mem. in Opp'n [Dkt. 49].  For the reasons below, the Court will deny the motion.

1

Defendants disagree vehemently with the Court's prior decision and suggest in their motion that the Court erred in several respects. Because they do not move for reconsideration, however, the Court will not address Defendants' legal arguments. Suffice it to say, the Court is not convinced that it erred. Defendants will have a chance to make their argument to the Court of Appeals; the only question is whether they may do so now.

An interlocutory order is properly appealed where (1) it involves a controlling question of law; (2) there is substantial ground for difference of opinion on the order; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *ACC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 95 (D.D.C. 2003). The moving party bears the burden of establishing all three elements. *Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co.*, 597 F. Supp. 2d 120, 121 (D.D.C. 2009).

The Court's prior order decided at least three controlling questions of law: whether the House has standing, whether it has a cause of action, and whether justiciability concerns counsel dismissal of the case. The first element of § 1292(b) is therefore satisfied.

There is also substantial ground for disagreement with the prior Order. The issue of whether to abstain from this case as non-justiciable, in particular, is a question over which reasonable jurists may disagree. Indeed, "no precedent dictate[d] the outcome" of the questions presented in this case. Mem. Op. at 2. Therefore, the second element may also be satisfied.

It is the third element that is lacking here. To be sure, the case would be over more quickly if Defendants were able to appeal—and if they prevailed—now. But that is true every time a defendant's motion to dismiss is denied. The relevant question is whether immediate appeal would *materially* advance the ultimate termination of the litigation. In this case, it would not. Unlike typical civil litigation, where the denial of a motion to dismiss would

be followed by months or even years of discovery, this case is presently suited for summary disposition: the facts are not in dispute. Dispositive motions can be briefed and decided in a matter of months—likely before an interlocutory appeal could even be decided. At that point, both standing and the merits may be appealed. Having considered the issue carefully, the Court is confident that the D.C. Circuit will be best served by reviewing a complete record on standing and the merits.

Accordingly, it is hereby **ORDERED** that Defendants' Motion for Certification, Dkt. 44, is **DENIED**; and that Defendants' Motion to Stay, Dkt. 45, is **DENIED AS MOOT**; and it is

**FURTHER ORDERED** that by **November 2, 2015** Defendants shall file an answer to the House's Complaint; that by **December 2, 2015** the House shall file a motion for summary judgment and Defendants shall file a cross-motion for summary judgment; that by **January 4, 2016** each party shall file any opposition to the other's motion for summary judgment; and by **January 18, 2016** the parties shall file any reply in support of their respective motions for summary judgment. The Court will then schedule oral argument on the motions.

Date: October 19, 2015                            /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge